Margherita G. MAZEAU, Executrix under the Will of Percy E. deRochemont, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 2732.

United States District Court
D. New Hampshire.

March 12, 1968.

Lindsey R. Brigham, Griffin, Harrington, Brigham & Taylor, Portsmouth, N. H., for plaintiff.

Louis M. Janelle, U. S. Atty., Concord, N. H., for defendant.

## OPINION

CAFFREY, District Judge.*

This is a civil action brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). At the opening of the trial the Government moved to dismiss, on the grounds that the action was barred by the two-year statute of limitations contained in 28 U.S.C.A. § 2401 (b), and the plaintiff moved to reduce the ad damnum to $2,000, apparently on the theory that the statute of limitations contained in 28 U.S.C.A. § 2401 (b) applies only to suits with an ad damnum in excess of $2,500. Decision was reserved on both motions and the case was tried to the Court. At the end of plaintiff's case, and again at the close of all the evidence, the Government moved for judgment in its favor, and decision was reserved on both these motions. On all the evidence I find and rule as follows:

The substitute plaintiff is Executrix under the will of her late father, Percy E. deRochemont, who died February 9, 1967, a few months after the filing of this action. Mr. deRochemont was the owner in fee of an unimproved tract of land abutting the southerly border of the so-called Northwest Runway at Pease Air Force Base, Newington, New Hampshire. In June 1963, in the exercise of its eminent domain powers, the United States took a perpetual easement for purposes of an airplane glide path across testator's land, and paid him just compensation therefor.

The purpose of taking the glide path easement, briefly stated, was to eliminate any tree, pole, fence, object, or even the ground itself, which projected higher than various pre-calculated elevations above sea level at differing distances from the threshold of the Northwest Runway, which might interfere with the glide path of airplanes either taking off from or landing on the Northwest Runway at Pease Air Force Base. Pursuant to the rights conferred upon it by this easement, in the summer of 1963 the United States caused clearing operations to take place on the land subject to this easement and also on portions of the Air Force Base itself. As indicated above, the purpose of this clearing operation was to eliminate any tree, pole, bush, fence, or any other thing high enough to intrude into an airplane's glide path. The clearing operation on plaintiff's land subject to the easement was completed some time in August of 1963.

Plaintiff seeks money damages herein on the claim that in addition to cutting and removing timber and brush, as allowed by the easement, the contractor employed by the United States also removed a large and valuable quantity of gravel from that portion of plaintiff's land which abutted the southerly border of the Air Force property. Plaintiff must fail in this contention for two reasons, (1) she has failed to sustain her burden of proof with regard to proving that any quantity of gravel

---

* Sitting by designation.

was taken from any location shown to belong to her testator, and (2) even if it be assumed, contrary to fact, that plaintiff had sustained this burden of showing that her testator's gravel had been wrongfully removed, she has failed to adduce any admissible evidence as to the value of whatever quantity of gravel was allegedly taken.

I find that testimony offered by plaintiff was vague, uncertain, and therefore unpersuasive. In contrast to this presentation by plaintiff, the United States produced a civilian construction engineer assigned by the Army Corps of Engineers as the Project Inspector of this removal operation, whose testimony I find to be informed and credible. He produced a group of photographs taken before the clearing work began along the border between the Air Force Base and the land of plaintiff's testator. He also produced photographs taken after the completion of the clearance project. On the basis of his testimony and the photographs I rule that plaintiff has failed to prove that any gravel was removed from her land during the course of the clearing work, with the possible exception of a *de minimus* amount of top-soil inadvertently dragged along by brush and timber being pushed off the land after it had been cut. I rule that there is no credible evidence that anyone for whose conduct the United States is responsible took any gravel from the land of plaintiff, and I further rule that there is no credible evidence of the value of any allegedly removed gravel on the basis of which damages could be reasonably computed. The motion made by the defendant at the close of all the evidence is allowed.

I further rule that because plaintiff has failed to show that a written claim, if ever made by the testator, was received by the United States within the statutory period, plaintiff has not brought this action within the applicable period of limitations and consequently this case is time-barred by the provisions of 28 U.S.C.A. sec. 2401(b).

*Judgment for the defendant.*